### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANITA V.,[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 14073** |
| v. | ) | |
| | ) | **Magistrate Judge Gabriel A. Fuentes** |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM OPINION AND ORDER[2]

Before the Court are Plaintiff Anita V.'s motion and brief in support of reversing and remanding the Commissioner's decision denying her application for disability benefits (D.E. 14), Defendant's memorandum in support of affirming the Commissioner's decision (D.E. 15, "Def. Mem."), and Plaintiff's reply brief in support of reversal and remand (D.E. 16, "Pl. Reply").

## I.      Procedural History

Plaintiff applied for Disability Insurance Benefits ("DIB") on June 29, 2022, alleging a disability onset date of January 14, 2022. (R. 24.) After a hearing, the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's application on October 11, 2024, finding her

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court. To the extent the Court uses pronouns in this order, the Court uses those pronouns used by the parties in their memoranda.

[2] On December 16, 2025, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to this Court for all proceedings, including entry of final judgment. (D.E. 10.)

not disabled under the Social Security Act (the "Act").[3] Her date last insured ("DLI") is March 31, 2027.[4] (R. 20.) This appeal followed.

## II. The ALJ Decision

The ALJ applied the Social Security Administration's ("SSA") five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of January 14, 2022. (R. 22.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, status point fusion at L4-5, degenerative disc disease of the cervical spine, mild bursitis/capsulitis in the left shoulder, and diabetes mellitus, as well as several nonsevere impairments. (R. 22-23.) At Step Three, the ALJ found Plaintiff's impairments alone or in combination did not meet or medically equal any Listing. (R. 24.) The ALJ assessed Plaintiff with a residual functional capacity ("RFC") to perform light work, but with the following limitations: "never climb ladders ropes, or scaffolds; no more than occasional climbing of ramps/stairs, balancing, stooping, crouching, kneeling, and crawling; no more than occasional overhead reaching with the left upper extremity; and no more than frequent all other reaching with the left upper extremity; and no more than frequent fine and gross manipulation with the left upper extremity." (R. 25-30.) At Step Four, the ALJ found Plaintiff was not capable of performing her past relevant work as a hand packager but that she was capable of performing other jobs that exist in significant numbers in the national economy such as housekeeping cleaner, marker, and small

---

[3] The Appeals Council subsequently denied review of the opinion (R. 1-5), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

[4] The claimant must establish disability between her alleged onset of disability and her date last insured. *Pufahl v. Bisignano*, 142 F.4th 446, 452 (7th Cir. 2025).

parts assembler. (R. 30.) Thus, the ALJ determined that Plaintiff was not disabled under the Act. (R. 32.)

**III.     Legal Standard**

An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054. "Our role is extremely limited, and we do not reweigh evidence, make credibility determinations, or substitute our judgment for the ALJ's determination." *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025) (internal quotations omitted). The Seventh Circuit has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement as ALJs: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

**IV.     Analysis**

Plaintiff contends that the ALJ assigned an RFC that was not supported by substantial evidence because (1) it improperly relied upon medical opinions from the non-examining state agency that were reached without critical evidence that post-dated the opinions, and (2) the ALJ

3

did not correctly perform an analysis of the factors required by Social Security Regulation ("SSR") 16-3p and the regulations as they relate to Plaintiff's subjective symptoms. (D.E. 14: Pl.'s Mem. in Supp. Of Reversing the Commissioner's Decision ("Pl. Mem.") at 6-7.) The Court's discussion of Plaintiff's arguments follows below.

### A. The ALJ's Assessment of Plaintiff's RFC, Including the Evaluation of Medical Opinions, Was Supported By Substantial Evidence.

Plaintiff contends that the ALJ improperly credited the medical opinions of the state agency doctors and did not provide adequate support for finding the opinions generally persuasive.[5] (Pl. Mem. at 6-7.) The non-examining state agency physicians opined that: Plaintiff should be limited to no lifting over 20 pounds, occasional postural activities, occasional climbing of ropes and ladders, and frequent overhead reaching and gross and fine manipulation. (R. 63-68, 70-75.) In assigning Plaintiff an RFC, the ALJ limited Plaintiff further than what the state agency doctors recommended, including additional restrictions to account for Plaintiff's "degenerative disc disease of the cervical and lumbar spine and left shoulder bursitis," such as adding "no climbing of ladders, ropes, or scaffolds" and limiting her capacity to "no more than occasional overhead reaching with the left upper extremity." (R. 29-30.)

Plaintiff contends that the ALJ erred in finding the state agency opinions generally persuasive because they were formulated in June 2023 and December 2023, based on evidence showing a normal cervical X-ray, while later medical records from February 2024 and beyond show that Plaintiff was more limited, including "a cervical MRI and documenting a left-sided

---

[5] Plaintiff alleges that the ALJ failed to consider the supportability of the state agency opinions under 20 C.F.R. § 404.1520(a). (Pl. Mem. at 7.) Under section 404.1520c(c), an ALJ is required to consider the supportability or consistency of a medical opinion. *Lincoln v. Bisignano*, No. 24-2668, 2026 WL 1097737, at *5 (7th Cir. Apr. 23, 2026). 20 C.F.R. § 404.1520c(c)(1)-(2). "The internal supportability of a physician's medical opinion" and "whether a medical opinion is consistent with the record as a whole" are the two most critical factors in evaluating the persuasiveness of medical opinions. *Bakke v. Kijakazi*, 62 F.4th 1061, 1067-68 (7th Cir. 2023), citing 20 C.F.R. § 404.1520c(b)(2), (c)(1)-(2); citing 20 C.F.R. § 404.1520c(a).

4

paracentral disc herniation at the C5-C6 level with resultant compression of the existing nerve root as well as lateral recess stenosis." (Pl. Mem. at 8-9, citing R. 64, 66, 74, 726, 729, 732, 735, 738, 744.) But although the state agency opinions pre-date some medical evidence, the ALJ may rely on a state agency opinion when treatment notes indicate that later evidence would not "have altered the state agency consultants' RFC findings." *See Baptist v. Kijakazi*, 74 F.4th 437, 442 (7th Cir. 2023) (concluding that an ALJ was not required to seek an updated opinion when the Plaintiff's condition "was similar to when the state agency consultants reviewed her file"); *see also Bakke*, 62 F.4th at 1067-68 (determining that an ALJ may rely on older evaluations as "substantial evidence" when new exams do not undercut the previous medical conclusions). Here, the ALJ reviewed the later evidence, including the later treatment notes related to the cervical MRI, and further limited the RFC accordingly, including reducing overhead reaching from frequent to occasional. (R. 27-28, citing R. 725-26, 728-30, 734-35, 737-38.)

The ALJ provided substantial support for this RFC by outlining the Plaintiff's medical history from 2017 to 2024 and articulating that "the numerous physical evaluations of the [Plaintiff] consistently indicate full range of motion of the cervical spine, good strength in the extremities, intact sensation, normal deep tendon reflexes, negative straight leg raising bilaterally, and a normal gait." (R. 26-28.) In addition, the ALJ noted "the imaging studies of the lumber spine indicate no disc herniation or spinal stenosis, and the imaging studies of the left shoulder indicate mild subacromial bursitis/capsulitis." (R. 28.)

Further, the ALJ noted that after the cervical MRI, Plaintiff was referred to physical therapy and prescribed pain medication, and that treatment notes in 2024 showed that Plaintiff maintained full range of motion of the cervical spine, 5/5 or 4/5 strength in her upper extremities, 5/5 strength if the thoracic/lumbar/sacral body parts, normal reflexes, and normal gait. (R. 28, citing 725-739,

5

787.) The ALJ concluded that "these objective clinical findings do not corroborate significant limitations regarding, sitting, standing, or walking, but would limit the claimant to no lifting over 20 pounds, some postural limitations." (R. 28, citing R. 725-26.)

The ALJ's determination that the evidence warranted a more limited RFC than that recommended by the state agency medical consultant demonstrates the ALJ's careful consideration of the record, which contained substantial evidence in support of the ALJ's conclusions. *See Tutwiler v. Kijakazi*, 87 F.4th 853, 859-60 (7th Cir. 2023) (finding that the ALJ exhibited careful consideration when he departed from the RFC recommended by the ALJ and imposed additional restrictions). The ALJ did not play doctor or apply their own "lay intuition" as the Plaintiff suggests. Instead, the ALJ properly relied on treatment notes, written by a doctor who reviewed Plaintiff's cervical MRI, to determine the appropriate RFC.[6] The ALJ thus provided ample evidence and explanation, beyond the minimal articulation requirements, to support the RFC and her determination that the state physician's opinions were "generally persuasive."[7]

**B.      The ALJ's Evaluation of Plaintiff's Symptoms Was Supported By Substantial Evidence.**

Plaintiff next argues that the ALJ did not appropriately consider Plaintiff's subjective symptoms as required under the regulations and policy interpretation ruling SSR 16-3p. (Pl. Mem. at 10). Specifically, Plaintiff suggests that the ALJ did not provide sufficient reasoning for

---

[6] Plaintiff suggests that the ALJ should have requested an updated medical opinion to interpret the later medical imaging. (Pl. Mem. at 9). But in this case later medical opinions *did* interpret medical imaging, and the ALJ properly considered that later evidence. (R. 725-739).

[7] The ALJ also regarded the medical opinions of treating physician Dr. Brebach and treating physician assistant Mr. Astacio as non-persuasive. (R. 29, citing R. 479-80, 572-75.) Plaintiff does not dispute the ALJ's discrediting of these opinions, and the ALJ provided adequate reasons for finding these opinions not persuasive. The ALJ determined that Dr. Brebach's opinion was not based on longitudinal evidence, was merely focused on whether Plaintiff could do her past work, and was not an assessment of Plaintiff's RFC, and that Mr. Astacio's opinion was not consistent with objective clinical findings. (*Id.*)

rejecting her testimony that "she had difficulty using her left arm for grabbing a cup of coffee, reaching the steering well [sic], and using a cell phone but admitting to being able to lift approximately 10 lb. with her left arm," as well as "her alleged difficulty walking and standing." (Pl. Mem. at 12., citing R. 44.)

According to SSR 16-3p, ALJs are to consider the intensity and persistence of a plaintiff's subjective symptoms to determine how symptoms limit a plaintiff's ability to complete work-related activities. SSR 16-3p, 2017 WL 5180304, *2. An ALJ should not reject subjective statements about "the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate [those] statements," 20 C.F.R. § 404.1529, but a plaintiff's subjective statements about symptoms cannot on their own prove disability and must be supported by other evidence in the record. *Pufahl*, 142 F.4th at 458. When determining the extent to which symptoms affect a plaintiff's ability to work, the ALJ is required to consider the following factors in addition to the objective medical evidence: "(1) the claimant's daily activities; (2) the location, duration, frequency and intensity of the pain or other symptoms; (3) factors that precipitate and aggravate the symptoms, (4) the type, dosage, effectiveness and side effects of medication; (5) any treatment, other than medication, for relief of pain or other symptoms; (6) any measures the claimant uses to relieve the pain or other symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms." (SSR 16-3p, 2016 WL 1119029 at *9; 20 C.F.R. § 404.1529.)

Plaintiff does not specify which of these factors the ALJ failed to consider, but reviewing the ALJ's decision holistically as we must, *see Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025), the Court finds that the ALJ provided substantial evidence to

support her decision to not credit Plaintiff's testimony fully. Here, the ALJ weighed the medical evidence in the record, considered four different medical opinions, evaluated Plaintiff's medication and treatment, and assessed Plaintiff's daily activities including her admitted ability to "care for personal needs, cook, do laundry, clean house, and drive" as well as her ability "to operate a hose outside, use a cell phone, and access social media and email." (R. 26-29, citing R. 336-343.) The ALJ noted that "the numerous physical evaluations of the claimant consistently indicate full range of motion of the cervical spine, good strength in all the extremities, intact sensation, normal deep tendon reflexes, negative straight leg raising bilaterally, and a normal gait. Additionally, the imaging studies of the lumbar spine indicate no disc herniation or spinal stenosis, and the imaging studies of the left shoulder indicate mild subacromial bursitis/capsulitis." (R. 28.) The ALJ ultimately found that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, therefore, were inconsistent or unpersuasive because "the objective medical evidence does not fully corroborate the [Plaintiff's] allegations regarding difficulty with sitting, standing, and walking" and Plaintiff's "daily activities indicate a capacity to use both upper extremities." (R. 26, 29). The Court's review demonstrates that "the ALJ provided specific, well-supported reasons for discounting [Plaintiff's] subjective complaints," including those related to walking, sitting, and standing and use of upper extremities, and "as long as an ALJ gives specific reasons supported by the record, we will not overturn a credibility determination unless it is patently wrong." *Pufahl*, 142 F.4th at 458-59. (internal citations and quotations omitted).[8] The ALJ

---

[8] Plaintiff also takes issue with the ALJ's suggestion that she "has never claimed to be 'unable to use her left extremity'" (Pl. Mem. at 12, citing R. 29), but Plaintiff ignores that the ALJ recognized Plaintiff had some limitations related to her left upper extremity and assigned an RFC that is more restrictive than that recommended by the state agency doctors as it relates to her left extremity, namely by allowing for "no more than occasional overhead reaching with the left upper extremity." (R. 29-30.) Moreover, Plaintiff does not identify how the ALJ erred or what additional restrictions the ALJ should have included for her left upper extremity.

properly considered Plaintiff's subjective statements about the intensity, persistence, and limiting effects of her symptoms, as well as the other required factors, and provided substantial evidence for the RFC determination.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to reverse and remand the ALJ's decision (D.E. 14) and grants Defendant's request for the Court to affirm the ALJ's decision (D.E. 15).

**SO ORDERED.**

                                               **ENTER:**

                                              **GABRIEL A. FUENTES**
                                              **United States Magistrate Judge**

**DATED: May 4, 2026**